IN THE SUPERIOR COURT
OF GUAM

ADRIAN L. CRISTOBAL, CONCEPCION F. CRISTOBAL, JORGE E.U. CRISTOBAL, BEATRIZ CRISTOBAL, E.C. LEON GUERRERO, ALBERTO C. LAMORENA III, trustee, and FE C. LAMORENA,

                  Plaintiffs,

    vs.

JEFFREY SIEGEL, FRACIS L. GILL, and CORAL PIT, INC.,

              Defendants,

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Case No. CV0442-88

**AMENDED FINAL JUDGMENT**

This matter came before the Honorable Judge Michael J. Bordallo on December 3, 2012 after remand by the Guam Supreme Court. Accordingly the Court amends its March 14, 1996 final judgment as follows:

NOW THEREFORE it is hereby ORDERED, ADJUDGED and DECREED that:

1. The each party is to bear their respective costs and attorneys fees;

2. This court shall retain jurisdiction over the Settlement Agreement to enforce the terms and conditions of the Settlement agreement.

3. The parties shall complete and abide by the terms and conditions of their Settlement agreement as follows:

I.

This Settlement Agreement is entered into by and among Arian Cristobal, Concepcion F. Cristobal, Jorge E.U. Cristobal, Beatriz Cristobal, E.C. Leon Guerrero, Juan B. Leon Guerrero, Alberto C. Lamorena, III, trustee for FE C. Lamorena, and FE C. Lamorena,

collectively hereinafter referred to as "Plaintiffs", and Jeffrey R. Siegel, Francis L. Gill, and Coral Pit, Inc., a Guam corporation, (hereinafter individually referred to as "Coral Pit") and collectively hereinafter referred to as "Defendants" and is made reference to the following:

RECITALS:

WHEREAS, the Plaintiffs are the fee owners of that parcel of real property more particularly described as follows:

> Lot number 2152-F-RNEW-R2, Oka, located in the Municipality of Dededo, Territory of Guam, Suburban, as said lot is marked and designated in Map Drawing Number RTD-0486, recorded July 24, 1986, in the Department of Land Management, Government of Guam, as Instrument Number 373451.
>
> Area: 85,550 +/- Square Meters
>
> LAST CERTIFICATE OF TITLE NUMBER: 6833

hereinafter referred to as "Basic Lot".

WHEREAS, Coral Pit executed a lease over the Basic Lot with Plaintiffs as Lessors, which Lease Agreement was executed on the 16th day of December, 1986 and recorded at the Department of Land Management, Territory of Guam, under Document Number 379297A, which is attached hereto and incorporated herein by this reference as Exhibit "a" (hereinafter "Lease Agreement"). And Coral Pit further claims that it has an option to purchase the Basic Lot for the sum of One Million Two Hundred Thousand Dollars ($1,200,000.00) (hereinafter referred to as "Option" (including references to the Option within Exhibits "C" and "D" defined below)), the Lease Agreement and Option claimed by Coral Pit, shall collectively hereinafter be referred to as the "Leasehold Interest".

WHEREAS, Coral Pit prepared a survey sketch of the entire Basic Lot in order to further define for itself the flat area of the Basic Lot from the excavated portion of the Basic Lot, which was not recorded at the Department of Land Management, Government of Guam, a

copy of which sketch is attached hereto and incorporated herein by this reference as Exhibit "B" (hereinafter "Sketch").

WHEREAS, the Sketch subdivided the Basic Lot into four (4) different parcels of real property with lot descriptions designated within the Sketch as follows:

a.  Lot Number 2152-F-RNEW-R5 containing an area of approximately fifty-one thousand four hundred and ten square meters (51,410+/-m squared); and

b.  Lot Number 2152-F-RNEW-3 containing an area of approximately twenty-six thousand two hundred and fifty-seven square meters ($26,257+/-meters squared) (hereinafter referred to as "Lot RNEW-3");

c.  Lot Number 2152-F-RNEW-4 containing an area of approximately three thousand six hundred and nineteen square meters (3,619+/-meters squared) (hereinafter "Lot RNEW-4"); and

d.  Lot Number 2152-RNEW-5 containing an area of approximately four thousand two hundred and sixty three square meters (4,263+/- meters squared) (hereinafter "Ceded Parcel).

WHEREAS, disputes arose regarding the various rights of the parties in and to the Leasehold Interest which resulted in the filing of a compliant by the Plaintiffs and a counter-claim by the Defendants in the Superior Court of Guam under Civil case Number CV442-88 (hereinafter "Cristobal Action").

WHEREAS, in an attempt to settle the claims of each party against the other in the Cristobal Action, Defendants claim and Plaintiffs deny that the parties had entered into a settlement agreement as represented by the exchange of letters from the Law Offices of Gayle & Teker by Larry Teker, dated March 2, 1990, and received by Thomas Lannen, counsel for

Defendants, on April 2, 1990, a copy of which is attached hereto and incorporated herein by this reference as Exhibit "C", which offer contained in Exhibit C was accepted by Thomas Lannen by letter dated April 24, 1990, which was received by the Law Offices of Gayle & Teker on the same date, a copy of which letter is attached hereto and incorporated herein by this reference as Exhibit "D". This exchange of letters attached as Exhibits C and D and the terms contained therein shall hereinafter be referred to as the "Cristobal Settlement".

WHEREAS, Coral Pit is financially unable to proceed with any further litigation to enforce the terms of the Cristobal Agreement because Commonwealth Land Title Insurance Company has failed and refused to pay Coral Pit's attorney fees.

WHEREAS, pursuant to the terms herein, the Plaintiffs wish to withdraw all their objection to the enforcement and validity of the Cristobal Settlement.

WHEREAS, in consideration for the Plaintiffs' withdrawal of their objections to the validity of the Cristobal Settlement, Coral Pit agrees to pay the Plaintiffs additional amounts as stated herein.

WHEREAS, Coral Pit, Inc. has instituted an action currently pending in the District Court of Guam, Civil Case Number CV94-00067 against Commonwealth Land Title Insurance Company, for various claims including a claim to reimburse Coral Pit for the fair market values of the Ceded Parcel which action against Commonwealth Land Title Insurance Company shall hereinafter be referred to as the "Commonwealth Action".

WHEREAS, Coral Pit wishes to pay to the Plaintiffs on the terms contained herein, a portion of the recovery, if any, from the Commonwealth Action which shall be additional consideration for the Plaintiffs' withdrawal of all their objections to the validity of the Cristobal Settlement.

IN CONSIDERATION of the foregoing and of the mutual promises and covenants contained herein, the parties agree as follows:

**II.**

## SECTION ONE THE CRISTOBAL SETTLEMENT

Plaintiffs hereby agree to withdraw all their objection to the validity of the Cristobal Settlement and hereby state that the Cristobal Settlement is a valid enforceable and binding agreement between the parties.

**III.**

## SECTION TWO CONSIDERATION FOR WAIVER OF OBJECTIONS

1.      Consideration for Waiver of Objections.  In addition to the amounts due and payable to the Plaintiffs pursuant to the Cristobal Settlement, and as payment to the Plaintiffs for the waiver of all their objections to the validity of the Cristobal Settlement as agreed herein, Coral Pit agrees to pay Plaintiffs the sum of Four Hundred Thousand Dollars ($400,000.00), which sum shall be in addition to the amounts due from Coral Pit to the Plaintiffs pursuant to the terms of the Cristobal Settlement; and

2.      Funding for Payment Due Plaintiffs.  In order to fund the Cristobal Settlement and the additional consideration payable to the Plaintiffs from Coral Pit under the terms herein, Coral Pit agrees to sell a portion or all of Lot-RNEW-3 for an amount sufficient to pay the Plaintiffs the funds owed by Coral Pit to Plaintiffs under the terms of this Agreement (hereinafter "Sale"), which Sale and disbursement of funds shall be as stated in Section Three (3) below. Coral Pit agrees to enter into a contract to accomplish the Sale within Ninety (90) days of the execution of the Agreement by all the parties.

# IV.

## SECTION THREE EXERCISE OF OPTION /COMPLETION OF SALE

1.     Closing of the Sale.  Simultaneously with the closing of the Sale which shall be not more than ninety (90) days from the date of recordation of the map severing the Ceded Parcel from the Basic Lot and all or a portion of RNEW-3 from the Basic Lot (hereinafter "Closing Date"), the parties agree to the following:

a.     Coral Pit shall exercise its Option over the Basic Lot and Plaintiffs shall convey the Basic Lot to Coral Pit by warranty deed with standard clauses warrantying the marketability and insurability of the title to the Basic Lot.  It is the intention of the parties to have an unencumbered fee simple interest in the Basic Lot conveyed by Plaintiffs to Coral Pit, to enable Coral Pit to proceed with the Sale.  This warranty deed to Coral Pit from Plaintiffs for the Basic Lot shall be deposited by Plaintiffs with the escrow company responsible for managing the Sale (hereinafter "Escrow") at least thirty (30) days prior to the Closing Date. Coral Pit shall notify Plaintiffs in writing through Plaintiffs' counsel, of the closing date at least sixty (60) days prior to said date; and

b)     Coral Pit shall execute a quit claim deed transferring and waiving any and all its rights, title and interest in and to the Ceded parcel to the Plaintiffs.  The parties agree that upon execution of this Settlement Agreement, they shall retain the services of a mutually acceptable, registered licensed surveyor (hereinafter "Surveyor") to subdivide the Basic Lot to sever from the Basic Lot the Ceded Parcel and all or a portion of Lot RNEW-3 which is the subject of the sale and Coral Pit shall pay the cost of Surveyor's services.  The parties further agree that the Surveyor may utilize a different lot number or slightly different boundary points for the Ceded Parcel than that shown in the Sketch so long as said boundaries an markers are

substantially similar to those in the Sketch and the area of the Cede Parcel is approximately for thousand two hundred and sixty three square meters (4,263 +/- meters squared).

In the event the Surveyor has a completed and recorded may dividing the Ceded Parcel from the Basic Lot prior to the closing Date, then the parties agree to utilize said map as the basis of the conveyances contemplated in this Paragraph and in Section Three (3) Paragraph a above; and

c) Coral Pit agrees to pay Plaintiffs the "back due and nonpaid rental" under Lease Agreement (hereinafter "Back Rent") as described in Exhibit C. This amount is estimated to be between Two Hundred and Fifty Thousand Dollars ($250,000.00) and Three Hundred Thousand Dollars ($300,000.00), however, the final amount shall be computed and prorated to the Closing Date of the Sale. The Back Rent shall be paid directly to Plaintiffs by Escrow; and

d) In addition, on the Closing Date, Coral Pit shall pay to Plaintiffs the sum of One Hundred Thousand Dollars ($100,000.00) which shall be applied to and reduce the principal amount due the Plaintiffs by this amount. This amount shall be paid by Escrow to the Plaintiffs. It is the intention of the parties, therefore, that on the closing date, the balance of the gross principal due Plaintiffs, after the payment of the Back Rent, shall be One Million Two Hundred Thousand Dollars ($1,200,000.00) for the exercise of the Option contemplated by the Cristobal Settlement plus the additional sum of Four Hundred Thousand Dollars ($400,000.00) payable under the terms herein, less the payment to the Plaintiffs by Escrow on the Closing Date of One Hundred Thousand Dollars ($100,000.00) for a net amount owed by Coral Pit to the Cristobals on the Closing Date of One Million Five Hundred Thousand Dollars ($1,500,000.00) (hereinafter "Balance Owed") and

e.     Coral Pit agrees to execute a promissory note and first mortgage secured by the Basic Lot less the area of the Ceded Parcel in favor of Plaintiffs to secure the Balance Owed. Coral Pit further agrees to assign proceeds from the sale to the Plaintiffs to satisfy the Balance Owed and shall execute an assignment to that effect. The balance Owed shall be payable as follows:

1)     All outstanding amounts due from Coral Pit to Plaintiffs shall bear interest at the rate of ten percent (10%) simple annual interest until the Balance Owed is paid in full. Interest shall be payable by Coral Pit to Plaintiffs in full on a monthly basis beginning thirty (30) days from the Closing Date of the Sale; and

2)     Principal payment on the Balance Owed shall be payable as follows:

a)     Two Hundred and Twenty-Five Thousand Dollars ($225,000.00) on the first anniversary of the Closing Date; and

b) Four Hundred and Twenty-Five Thousand Dollars ($425,000.00) on the second anniversary of the Closing Date; and

c) Eight Hundred and Fifty Thousand Dollars ($850,000.00) on the third anniversary of the Closing Date.

3)     All amounts due from Coral Pit to Plaintiffs shall be deposited with Escrow who shall disburse said funds pursuant to the written instructions of Plaintiffs.

4)     Plaintiffs further agree to deposit with Escrow thirty (30) days prior to the Closing Date, a fully executed satisfaction and release of mortgage with instructions to record this satisfaction and release upon the payment to them by Coral Pit of all amounts due Plaintiffs pursuant to the terms herein. This satisfaction and release shall contain a clause that it shall be binding on all the heirs, representatives, successors

or assigns of the releasing parties, and shall be recorded as agreed herein, by Escrow, regardless of the physical health or status of the releasing parties.

## V.

**SECTION FOUR COMMONWEALTH ACTION**

1.    Additional Payment to Plaintiffs Funded by Commonwealth Action.  Coral Pit further agrees, as additional consideration for the waiver by Plaintiffs of their objection to the validity of the Cristobal Settlement as stated in Section Two (2) above, to pay to the Plaintiffs the first Two Hundred Thousand Dollars ($200,000.00) of any portion of the first Six Hundred Thousand Dollars ($600,000.00) net amount recovered from the Commonwealth Action plus sixty percent (60%) of any net recovered amount received by Coral Pit exceeding Six Hundred Thousand Dollars ($600,000.00).  It is the intention of the parties that the first Two Hundred Thousand Dollars ($200,000.00) of any net amount recovered by Coral Pit shall Belong solely to Plaintiffs, with sixty Percent (60%) of any net recovery exceeding Six Hundred Thousand Dollars ($600,000.00) payable to Plaintiffs.  The net recovery herein shall be that amount remaining from a gross recovery amount after deduction fifty percent (50%) from the gross amount for payment as contingency attorneys fees and further deducting from the gross recovery any expenses incurred in the prosecution of the Commonwealth Action including approximately Sixty Thousand Dollars ($60,000.00) owed to the Law Offices of McCully, Lannen, Beggs & Melancon, P.C.  Any gross recovery by coral Pit in the Commonwealth Action, either by settlement with Commonwealth Land Title Insurance company or by judgment against it, shall be deposited into the Trust Account of the Law Offices of Hogan & Link, P.C. and distributed by J.E. Hogan, Esq. pursuant to the terms hereof.

2.      Settlement of Commonwealth Action.  The parties agree that any references herein to the Commonwealth Action is solely for the purpose of identifying potential additional funds which Coral Pit will utilize to pay the Plaintiffs for the waiver of their objections to the validity of the Cristobal Settlement.  Therefore, the parties agree that the conduct of the Commonwealth Action shall be solely within Coral Pit's discretion and only as Coral Pit deems fit which includes any decision on the terms of any settlement of the Commonwealth Action.  However, notwithstanding any other provision or condition contained herein, Coral Pit agrees not to settle the Commonwealth Action for any amount less than One Million Two Hundred and Fifty Thousand Dollars ($1,250,000.00) without Plaintiff's prior unanimous written consent and without also obtaining a general release from Commonwealth and Land Title Insurance Company relieving the Plaintiff from any and all claims, demands, and or liability.

## VI.

## SECTION FIVE ENTRY OF JUDGMENT IN CRISTOBAL ACTION AND RELEASE OF *LIS PENDES*

The parties further agree to execute, no later than thirty (30) days prior to the Closing Date of the Sale, a Stipulation for the entry of a consent judgment to be entered in the Cristobal Action and which judgment shall incorporate the terms of this Agreement and shall require each of the parties to perform their respective obligation hereunder.  This stipulation shall be executed by counsel for the Plaintiffs and Defendants in the Cristobal Action.  Each party agrees to execute general releases in favor the other in connection with the fact an allegations set forth in the pleadings of the Cristobal Action.  A copy of the release in favor of Plaintiffs is attached hereto and incorporated herein by their reference as Exhibits "E" and a copy of the release in favor of Defendants is attached hereto and incorporated herein by this reference is

Exhibit "F". Plaintiffs further agree to stipulate to an order of the Superior Court of Guam vacating the cancelling the *Lis Pendes* currently filed in connection with Plaintiffs claims against the basic Lot. A copy of which release and cancellation is attached hereto and incorporated herein by this reference as Exhibit "G."

**VII.**

## SECTION SIX MISCELLANEOUS

1. Counterparts. This Agreement is being executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. Photographic copies of such signed counterparts may be used in lieu of the original for any purpose.

2. Waiver. A waiver by any party of any provision, covenant, condition, and warranty contained herein shall not be deemed a continuing waiver of the affected right or interest and may be enforced by the affected party at any time thereafter.

3. Binding Effect. This agreement shall inure to and bind the respective parties and each of them, their heirs, representatives, successors, assigns and agents.

4. Integration. This Agreement contains all the understandings, agreements, warranties, representations, and covenants between the parties hereto.

5. Notice. Notices from Defendants to Plaintiffs and from Plaintiffs to Defendants, as the case may be shall be deemed valid and complete when proved by delivering the notice or items to their respective attorney or through telefax to their respective attorney as follows:

a. Plaintiffs: Law Offices of Peter Perez
Attn: Peter F. Perez, Esq.
Suite 216, Union Bank Building
194 Hernan Cortes Avenue

Agana, Guam 96910
Fax: (671)472-8896

b. Defendants:  Hogan & Link, P.C.
                Attn: J.E. Hogan, Esq.
                104 Reflection Center
                222 Chalan Santo Papa
                Agana, Guam 96910
                Fax: (671) 472-2957

6.      Recordation.  Neither party shall record this Agreement at the Department of Land Management, Territory of Guam, without the prior written consent of all parties hereto.

## VIII.

**SECTION SEVEN IN THE EVENT SALE IS NOT COMPLETED**

The parties agree that if, for any reason, the Sale is not completed as defined in Section Two, at Paragraph 2 of this Agreement on the Closing Date, then the parties agree to the following:

1.      Either party to this agreement may proceed with the sale of two (2) hectares of the southern portion of Lot RNEW-3 for a sum not less than all amounts owed to the Plaintiffs plus accrued interest on all outstanding amounts owed by Coral Pit to Plaintiffs as of the date of this Agreement.  In that event, Coral Pits shall pay Plaintiffs interest on all amount owed to the Plaintiffs at the rate of ten percent (10%) per annum.

2.      If an agreement for the sale of Lot REVEW-R3 is not entered into between Coral Pit and a prospective buyer with twelve (12) months of the execution of this Agreement, then Coral Pit agrees to that in addition to releasing all its claims to the Ceded Parcel, to release and quitclaim to Plaintiffs all of Coral Pit's interest in and to Lot RNEW-4 plus an area of six thousand three hundred an eighty one square meters (6,381 meters squared) within Lot RNEW-

3, so that the Plaintiffs shall have a free and clear interest of ten thousand square meters more or less (10,000 +/- meters squared) in addition to the Ceded Parcel.

3. Furthermore, in the even Coral Pit is unable to sell the remainder of Lot RNEW-3 within ninety (90) days of the conveyance of the one (1) hectare parcel described in this Section at Paragraph 2 above, Coral Pit shall quitclaim all its right, title and interest to the Plaintiffs for an additional one (1) hectare portion of Lot RNEW-3. In that event, the balance due from Coral Pit to Plaintiffs shall be extinguished except for amounts owed to Plaintiffs by Coral Pit as a result of the Commonwealth Action as defined in Section Four of this Agreement which shall regardless still remain due and owing provided that all net amounts recovered in the Commonwealth Action shall in that even, regardless of any other revision herein, be divided with sixty percent (60%) of said net proceeds payable to the Cristobals and forty percent (40%) of said net proceeds retained by Coral Pit. Plaintiffs shall then convey the remainder portion of the Basic Lot to Coral Pit by Warranty Deed.

SO ORDERED, this 30th day of _____July_____ 2013.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

JUL 3 0 2013

Edna M. Nego
Deputy Clerk, Superior Court of Guam